UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-736 CAS (JCx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | ALLIANCE BANK OF ARIZONA V. MAHESH A. PATEL, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Eric Pezold | Erin Oyama |
| | Attorneys Present for Third-Party Defendants |
| | James Hinds |

**Proceedings:** APPLICATION FOR ORDER APPOINTING A RECEIVER AND PRELIMINARY INJUNCTION IN AID OF RECEIVER (Docket #20, filed April 1, 2013)

## I.  INTRODUCTION

Plaintiff Alliance Bank of Arizona ("Alliance") filed the instant action in this Court on February 1, 2013.  Defendants Mahesh Patel and Ninette Patel (collectively "the Patels") are individuals who reside in Los Angeles, California.  Through this action, plaintiff seeks to foreclose on three pieces of real property located in Huntington Park, California ("Huntington Park Property"); Hemet, California ("Hemet Property"); and Rolling Hills, California ("Rolling Hills Property").

On April 1, 2013, plaintiff filed an application for an order appointing a receiver and for a preliminary injunction.  Defendants filed an opposition on April 15, 2013, and plaintiff replied on April 22, 2013.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

The events underlying this case began in June 28, 2007, when plaintiff made a loan in the amount of $7,000,000 to non-party MSJ Investment Properties, LLC ("MSJ Investment").  Complaint ("Comp.") ¶¶ 8 – 9.  In connection with this loan transaction,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-736 CAS (JCx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | ALLIANCE BANK OF ARIZONA V. MAHESH A. PATEL, ET AL. | | |

defendants Mahesh Patel and Ninette Patel unconditionally agreed to repay plaintiff all amounts owed under the loan agreement with MSJ Investment (the "Patel Guaranty"). Id. ¶ 14.

The full balance of plaintiff's loan to MSJ Investment became due on October 5, 2009. Id. ¶ 17. MSJ Investment refused to pay the amount due, and on March 5, 2010, plaintiff filed a state court lawsuit against the Patels for breach of the Patel Guaranty. Id. ¶ 18. The state court lawsuit was terminated pursuant to a stipulated judgment in the amount of $7,866,633.99 against the Patels. Id. ¶ 21. To secure this judgment, the Patels executed deeds of trust in the Rolling Hills Property, the Huntington Park Property, and the Hemet Property. Id. ¶¶ 23 – 25. Plaintiff agreed to forebear from exercising any right to foreclose on the properties, however, as long as the Patels abided by certain settlement terms and conditions. Id. ¶ 25. Plaintiff alleges that the Patels did not abide by the settlement conditions, and has declared them in default and seeks to foreclose on the three properties. Id. ¶ 27.

Plaintiff's current applications seek the appointment of a receiver to collect rents and manage the Hemet Property and the Huntington Park Property during the pendency of this litigation. Defendants do not dispute this request. Plaintiff also seeks to vest the receiver with the power to sell the Hemet Property and Huntington Park Property during this litigation. Defendants oppose granting the receiver this power.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 66 states:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule.

Fed. R. Civ. Proc. 66. Under this rule, when a district court has diversity jurisdiction over a case, federal law provides the standard for determining whether a receiver should be appointed. Canada Life Assur. Co. v. LaPeter, 563 F.3d 837, 843 (9th Cir. 2009); see also National Partnership Inv. Corp. v. National Housing Development Corp., 153 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-736 CAS (JCx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | ALLIANCE BANK OF ARIZONA V. MAHESH A. PATEL, ET AL. | | |

1289, 1291 (11th Cir. 1998) ("[F]ederal Rule of Civil Procedure 66 . . . assert[s] the primacy of federal law in the practice of federal receiverships.").

Federal law recognizes that appointing a receiver is an extraordinary remedy to be applied only in cases where a receiver is necessary to protect the plaintiff's interest in property. Canada Life Assur. Co., 563 F.3d at 844; 12 Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 2983 (2d ed., Updated April 2013) ("The appointment of a receiver is considered to be an extraordinary remedy that should be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interests in the property."). There is no uniform method for determining when to appoint a receiver, but the Ninth Circuit has instructed courts to consider at least the following factors:

> (1) whether the party seeking the appointment has a valid claim; (2) whether there is fraudulent conduct or the probability of fraudulent conduct, by the defendant; (3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and, (7) whether the plaintiff's interests sought to be protected will in fact be well-served by receivership.

Canada Life Assur. Co., 563 F.3d at 844.

## IV.   ANALYSIS

Plaintiff argues that a receiver should be appointed because, purportedly, defendants are improperly retaining rents and other profits produced by the Huntington Park Property and the Hemet Property. Plaintiff contends that these rents should be used to pay the balance of the judgment entered against defendants in the state court lawsuit. As mentioned above, defendants consent to an appointment of a receiver for this purpose, and therefore the Court grants plaintiff's request.

Additionally, plaintiff asks that the receiver be given the power to execute a private sale of the Huntington Park Property and Hemet Property, where the proceeds of the sale

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-736 CAS (JCx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | ALLIANCE BANK OF ARIZONA V. MAHESH A. PATEL, ET AL. | | |

would presumably be held separately in order to satisfy the judgment. Plaintiff's request is premature. Plaintiff correctly points out that a federal court can appoint a receiver with power to sell property. S.E.C. v. American Capital Investments, Inc., 98 F.3d 1133, 1144 (9th Cir. 1996), abrogated by Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998); 28 U.S.C. § 754. Under federal law, however, the Court must confirm any proposed sale of realty held by a receiver. 28 U.S.C. § 2001(a) – (b). Since plaintiff does not ask the Court to confirm a specific proposed sale of the Huntington Park Property and the Hemet Property, but instead appears to request that the Court vest the receiver with plenary power to sell the property on any terms and conditions acceptable to the receiver, plaintiff's request must be rejected as premature and inconsistent with the applicable statutes. Plaintiff's request is therefore denied without prejudice. In conformance with the applicable statute, however, plaintiff may submit a request that the Court approve a specific proposed sale.

## V. CONCLUSION

In accordance with the foregoing, the Court grants in part and denies in part plaintiff's application for appointment of a receiver and a preliminary injunction. The parties are ordered to submit an order and form of injunction identifying and appointing the receiver, as well as specifying the powers of the receiver to manage the Huntington Park Property and Hemet Property.

The Court sets a Status Conference re: Receivership on May 13, 2013 at 11:00 A.M.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |