UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-736 CAS (JCx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | ALLIANCE BANK OF ARIZONA V. MAHESH A. PATEL, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Jonathan Saffer | Erin Oyama |
| | Attorneys Present for Third-Party Defendant: |
| | James Hinds |

| Proceedings: | MOTION TO DISMISS CASE THIRD-PARTY COMPLAINT (Docket #31, filed April 18, 2013) |
|---|---|

## I.   INTRODUCTION & BACKGROUND

Plaintiff Alliance Bank of Arizona ("Alliance") filed the instant action in this Court on February 1, 2013. Defendants in this action are Mahesh Patel and Ninette Patel (collectively "the Patels"), individuals who reside in Los Angeles, California. Through this action, plaintiff seeks to foreclose on three parcels of real property located in Huntington Park, California ("Huntington Park Property"); Hemet, California ("Hemet Property"); and Rolling Hills, California ("Rolling Hills Property").

The events underlying this case began in June 28, 2007, when plaintiff made a loan in the amount of $7,000,000 to non-party MSJ Investment Properties, LLC ("MSJ Investment"). Complaint ("Comp.") ¶¶ 8 – 9. In connection with this loan transaction, defendants Mahesh Patel and Ninette Patel unconditionally agreed to repay plaintiff all amounts owed under the loan agreement with MSJ Investment (the "Patel Guaranty"). Id. ¶ 14.

The full balance of plaintiff's loan to MSJ Investment became due on October 5, 2009. Id. ¶ 17. MSJ Investment refused to pay the amount due, and on March 5, 2010, plaintiff filed a state court lawsuit against the Patels for breach of the Patel Guaranty. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-736 CAS (JCx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | ALLIANCE BANK OF ARIZONA V. MAHESH A. PATEL, ET AL. | | |

¶ 18.  The state court lawsuit was terminated pursuant to a stipulated judgment in the amount of $7,866,633.99 against the Patels.  Id. ¶ 21.  To secure this judgment, the Patels executed deeds of trust in the Rolling Hills Property, the Huntington Park Property, and the Hemet Property.  Id. ¶¶ 23 – 25.  Plaintiff agreed to forebear from exercising any right to foreclose on the properties, however, as long as the Patels abided by certain settlement terms and conditions.  Id. ¶ 25.  Plaintiff alleges that the Patels did not abide by the settlement conditions, and has declared them in default and seeks to foreclose on the three properties.  Id. ¶ 27.

On March 21, 2013, defendant Mahesh Patel filed a third-party complaint seeking indemnity from third-party defendants Juan Guerrero ("Guerrero") and Rockinghorse Property Investments, LLC ("Rockinghorse").  Dkt. #19 ("TPC").  The TPC alleges that third-party defendants owe Mahesh Patel an indemnity pursuant to the Operating Agreement of MSJ Investment, which is attached as an exhibit to the TPC.  Specifically, the TPC alleges that an indemnity obligation arises from the following language in the Operating Agreement:

> If the lender designated by the Company to provide financing for the planning, development and construction of a franchised hotel . . . requires personal guaranties from one (1) or more members of the Company (each, a "Guarantor Member"), then all non-guarantor members of the Company shall provide a repayment guaranty to each Guarantor Member limited to each non-guarantor member's membership interest in the Company multiplied by the amount of the guaranty.

Operating Agreement § 3.6.  The TPC alleges that because Mahesh Patel provided a personal guaranty to Alliance Bank, and has now been sued by Alliance Bank arising out of this personal guaranty, he is owed a repayment guaranty from third-party defendants, presumably due to their status as "non-guarantor members of the company."  See TPC at 2:27 – 4:3.

The Operating Agreement contains an arbitration clause, which provides:

> Any dispute, controversy or claim arising out of or in connection with or relating to a Member's relationship with the Company or this Agreement or any breach of alleged breach thereof shall be determined and settled by

Case 2:13-cv-00736-CAS-JC   Document 47   Filed 06/03/13   Page 3 of 6   Page ID #:826

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-736 CAS (JCx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | ALLIANCE BANK OF ARIZONA V. MAHESH A. PATEL, ET AL. | | |

> arbitration in the City of Tucson, Arizona before a single arbitrator administered by the Uniform Arbitration Act and the expedited procedures thereunder (the "Rules") and applying Arizona law. Unless the parties mutually agree on the identity of the arbitrator, the arbitrator shall be selected in accordance with the Rules. Any award rendered shall be final and conclusive upon the parties and a judgment thereon may be entered in the highest court of the forum, state or federal, having jurisdiction, and shall include an award in favor of the prevailing party to pay all reasonable costs and attorneys' fees incurred by the prevailing party as well as the cost of the arbitration.

Operating Agreement, § 10.3. Moving parties Rockinghorse and Guerrero argue that under this provision, the claims asserted in the TPC should proceed in arbitration, not in this Court, and therefore that the TPC should be dismissed. Alternatively, third-party defendants contend that this Court lacks subject matter jurisdiction over the TPC, and that the TPC fails to state a claim upon which relief can be granted.

## II.    LEGAL STANDARD

### A.    Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mecury Constr. Corp., 460 U.S. 1, 24 (1983)).

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-736 CAS (JCx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | ALLIANCE BANK OF ARIZONA V. MAHESH A. PATEL, ET AL. | | |

courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. ----, 131 S. Ct. 1740, 1746 (2011).

### B.     Fed R. Civ. P. 12(b)(3) and Improper Venue

"A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true, and facts outside the pleadings may be considered." Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). However, the trial court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004). The interpretation and enforcement of a forum selection clause is governed by federal law. Id.

## III.    ANALYSIS

Third-party defendants argue that the claims asserted in the TPC are covered by the plain language of the arbitration provision in the Operating Agreement, which applies to "[a]ny dispute, controversy or claim arising out of or in connection with . . . this Agreement." Since all of the claims asserted in the TPC arise out of the Operating Agreement, they fall within the clear terms of the arbitration provision. Third-party defendants therefore conclude that venue is proper in arbitration, not this Court, and therefore ask that the TPC be dismissed due to improper venue.[1]

---

[1] Although arbitration agreements are typically enforced through a motion to compel arbitration and a request to stay the proceedings pursuant to 9 U.S.C. § 3, not through a motion to dismiss for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3), both procedures are proper. See Balen v. Holland America Line Inc., 583 F.3d 647, 652 (9th Cir. 2009); Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc., 502 F.3d 740, 746 (7th Cir. 2007) ("Arbitration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-736 CAS (JCx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | ALLIANCE BANK OF ARIZONA V. MAHESH A. PATEL, ET AL. | | |

In opposition, third-party plaintiffs do not contest the enforceability of the arbitration provision, nor whether the claims asserted in the TPC come within its scope. The only defense third-party plaintiffs raise is that third-party defendants, in other portions of their briefing, assert that third-party defendant Guerrero is not a proper party to the Operating Agreement, which implies that he is not bound by its arbitration agreement. Third-party plaintiffs assert that Guerrero cannot simultaneously claim that he is not a proper party to the Operating Agreement while also asserting that the claims against him should be subject to the arbitration provision in the Operating Agreement.

Third-party plaintiff's argument is barred by the doctrine of estoppel. Equitable estoppel, which applies to arbitration agreements, "precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042, 1045 – 46 (9th Cir. 2009); see also Martin Domke, Gabriel Wilner and Larry E. Edmonson, Domke on Commercial Arbitration § 13:10 Estoppel (Updated May 2013). Here, third-party plaintiffs are asserting claims against Guerrero arising out of the Operating Agreement. To the extent these claims are meritorious, these claims – like all claims under the Operating Agreement – fall within the scope of the agreement's mandatory arbitration provision. Third-party plaintiffs are therefore attempting to claim the benefits of the Operating Agreement by asserting claims against the third-party defendants under that agreement, but simultaneously seeking to avoid the burdens imposed by the arbitration provision in the Operating Agreement, and the law prohibits third-party plaintiffs from having it both ways. Mundi, 555 F.3d at 1045. Accordingly, the Court finds that all claims asserted in the TPC are within the scope of the arbitration provision in the Operating Agreement, and concludes that third-party defendants' motion should therefore be granted.

---

clauses . . . are a species of forum selection clause."); Polimaster Ltd. v. RAE Systems, Inc., 623 F.3d 832, 837 (9th Cir. 2010) ("The requirement of arbitration at the defendant's site is effectively a forum selection clause, in which the parties agreed to arbitrate at the location of a defendant's principal place of business. This choice of forum is presumptively enforceable.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-736 CAS (JCx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | ALLIANCE BANK OF ARIZONA V. MAHESH A. PATEL, ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS third-party defendants' motion to dismiss.

IT IS SO ORDERED.

|  |  | 00 | : | 02 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |